UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEPHEN C. JOHNS,

    Plaintiff,

    v.                                    CAUSE NO. 3:22-CV-221-JD-JPK

WILLIAM HYATTE, et al.,

    Defendants.

## OPINION AND ORDER

Stephen C. Johns, a prisoner without a lawyer, filed a Third Amended Complaint. ECF 28. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

### Statute of Limitations

Johns mailed his Original Complaint on March 14, 2022: only six days before the statute of limitations expired for his oldest claim which arose on March 20, 2020. ECF 1-3. In his Original Complaint, he named nine defendants. ECF 1. Johns mailed[1] the First

---

[1] The signature page of First Amended Complaint is the same one he attached to his original complaint. It is the dated March 14, 2022, but that could not have been that day he gave the First

Amended Complaint (which added a tenth defendant) on September 21, 2022. ECF 12-1. He mailed the Second Amended Complaint (which added four more defendants) on March 8, 2023. ECF 24. Third Amended Complaint retained the same fourteen defendants. Because he did not name five of his defendants in the Original Complaint, some of his claims are barred by the statute of limitations because they do not relate back under Federal Rule of Civil Procedure 15(c)(1)(C).

"Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Although the statute of limitations is an affirmative defense, dismissal . . . is appropriate if the complaint contains everything necessary to establish that the claim is untimely." *Collins v. Vill. of Palatine*, 875 F.3d 839, 842 (7th Cir. 2017). In some circumstances, "the doctrine of equitable tolling may apply. Equitable tolling halts the limitations clock when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021) (quotation marks and citation omitted). Here, equitable tolling is inapplicable because Johns was able to file a timely complaint. None of the untimely claims were concealed from him because he was present and witnessed each of them.

DeShay Hackner, IDOC # 200955, was first named as a defendant on September 21, 2022. So, all the claims arising against him before September 21, 2020, are barred by

---

Amended Complaint to prison officials for mailing. Therefore, the court is using the date on the postage meter from the envelope in which he mailed the First Amended Complaint.

the statute of limitations. This leaves one claim against DeShay Hackner which arose on February 14, 2021. It will be discussed later in this opinion.

Sgt. Porter, Lt. Morgan, Officer Cruz, and Investigator Snow were first named as defendants on March 8, 2023. So, all the claims arising against them before March 8, 2021, are barred by the statute of limitations. Because all the claims against them arose before that date, Johns may not proceed on any of those claims and they will be dismissed.

## Unrelated Claims

Not all the remaining claims are related. "[U]nrelated claims against different defendants belong in different suits," *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Additionally, where there are limited connections between claims the court can order severance or dismissal without prejudice. *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 864 (7th Cir. 2018). Normally, the court would permit a plaintiff to pick which claims to pursue in this case, but this case is more than a year old, this is Johns' fourth complaint, and the dominant issues are his failure to protect claims. Therefore, the court will "solve the problem by [picking the failure to protect claims and] dismissing the excess [claims and] defendants under Fed. R. Civ. P. 21." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Here, the unrelated claims are the allegations in ¶ 5 that he was assaulted by guards and retaliated against for filing grievances, in ¶ 6 that he was denied bedding and assaulted by guards, and in ¶ 8 that he was held in unconstitutional conditions of confinement. If Johns wants to pursue any of these unrelated claims, he must file them separately in other lawsuits.

<u>Failure To Protect</u>

All the claims in ¶¶ 1 and 3 are untimely.

In ¶ 2, Johns alleges Investigator Harbaugh interviewed him on March 21, 2020, the day after he was attacked and sexually assaulted by Inmate Hackner. ECF 28 at 5. Johns told him about the attack, that Hackner since had placed a "kill order" on him, and that Hackner was an active member of the Gangster Disciples gang. Johns asked to be sent to S-Cell House to be separated from Hackner. Johns was not moved and later that week he was assaulted by members of the Gangster Disciples. He sues Harbaugh for not protecting him from the second attack.

> It is well settled that the Eighth Amendment requires correctional officials to protect inmates from certain dangers posed by other inmates[, but] only deliberate indifference to an inmates wellbeing is actionable: a prison official is liable for failing to protect an inmate from another prisoner only if the official knows of and disregards an excessive risk to inmate health or safety.
> Thus, a deliberate-indifference claim under the Eighth Amendment requires the following three elements: (1) there must be a risk of harm to the plaintiff that is so objectively serious as to be excessive (and that risk must in fact materialize); (2) the defendant must know of the risk (put differently, he must possess subjective awareness that the risk exists); and (3) the defendant's response to the risk must be so inadequate as to constitute disregard of (or deliberate indifference toward) the risk. In addition, a fourth element exists: (4) the plaintiff must prove that the defendant's deliberate indifference actually caused his injury.

*Hunter v. Mueske*, ___ F.4th ___, No. 22-1340, 2023 WL 4553391, at *3 (7th Cir. July 17, 2023) (quotation marks, brackets, citations, and emphasis omitted).

At the time of the first attack, Johns was in A-Cell House, Cell 442 and Hackner was close by in Cell 444. When Harbaugh interviewed Johns, he had been moved to Cell 305. Though they were still in the same Cell House, Johns was in Administrative

Segregation. As Johns explains later in his complaint, when he was in danger, he had his mother contact prison officials and ask that he be placed in Administrative Segregation for safety. ECF 28 at 14-15. It is unfortunate that Johns was attacked a second time, but Harbaugh was not deliberately indifferent to leave him in Administrative Segregation.

In ¶ 4, Johns alleges he was housed in Cell 420 when, on June 4, 2020, he was attacked a third time. ECF 28 at 8. Johns sues Officer Johnson for not protecting him from this attack, but there is no indication Officer Johnson had actual knowledge that Johns was at risk of harm before the attack occurred.

In ¶ 5, Johns alleges Warden William Hyatte, Lt. Ryan McCullum, Sgt. Brandon Seger, and Officers Johnson, Jordan Imlay, Joseph Becker, and Brittany Drudge moved him to P-Cell House on June 23, 2020. ECF 28 at 9-10. Inmate Hackner lived in P-Cell House, but Johns was moved to B-Cell House later that day without incident. *Id*. at 11. In ¶ 6, Johns alleges Warden William Hyatte failed to protect him from attack by members of the Gangster Disciples who were in B-Cell House, but he was not attacked while he was in B-Cell House. ECF 28 at 11-13. In ¶ 8, Johns alleges Inmate Hackner was transferred into B-Cell House on April 4, 2021, but was moved out days later without having attacked him. ECF 28 at 15-16. Because Johns was not attacked on any of these occasions, these allegations do not state a claim. *See Hunter* (to state a claim the "risk must in fact materialize.")

In ¶ 7, Johns alleges he called #80 on February 13, 2021, because Inmate Hackner had been moved to K-Cell House. ECF 28 at 14-16. He sues Warden William Hyatte,

5

Investigator Harbaugh, and Ms. Scaif because he was attacked the next day. It is not plausible to believe that all three of them answered that call. Johns does not say who he spoke to or if he left a message. He does not explain why it is plausible to infer that any of these three defendants knew Hackner was in K-Cell House. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Also in ¶ 7, Johns sues Inmate Hackner for attacking him on February 14, 2021. ECF 28 at 14-16. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir.

6

2006). "The under-color-of-state-law element means that § 1983 does not permit suits based on private conduct, no matter how discriminatory or wrongful." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (internal quotation marks and citation omitted). While the conduct of private actors can transform them into state actors for § 1983 purposes, the facts must permit an inference "that the deprivation committed by the private actor is 'fairly attributable to the state.'" *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (*quoting Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). "[M]ere allegations of joint action or a conspiracy do not demonstrate that the defendants acted under color of state law and are not sufficient to survive a motion to dismiss." *Id.* (*quoting Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998)). Here, there is no allegation or indication that Hackner's attack was done under color of state law. As such, Johns does not have a federal law claim against him. To the extent Johns has a State law claim against Hackner, this court declines to exercise supplemental jurisdiction because all the federal claims have been dismissed. *See* 28 U.S.C. § 1367(c)(3).

For these reasons, the court:

(1) DISMISSES WITHOUT PREJUDICE under Federal Rule of Civil Procedure 21 the unrelated claims in ¶ 5 that he was assaulted by guards and retaliated against for filing grievances, in ¶ 6 that he was denied bedding and assaulted by guards, and in ¶ 8 that he was held in unconstitutional conditions of confinement;

(2) DISMISSES all other federal claims pursuant to 28 U.S.C. § 1915A;

(3) DECLINES supplemental jurisdiction under 28 U.S.C. § 1336(c)(3) over the State law claim against Inmate Hackner; and

(4) DIRECTS the clerk to enter judgment and close this case.

SO ORDERED on August 2, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT